UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KARA REDDINGTON, as Administratrix of the Estate of Daniel E. Reddington; KARA REDDINGTON, as Mother and Next Friend of D.E.R. and C.M.R.; and KARA REDDINGTON, Individually, Plaintiffs | |
| | C.A. NO. 07-CA-10765-GAO |
| vs | |
| U.S. TRUCK CRANES, INC., and JLG INDUSTRIES, INC., Defendants | |

**PLAINTIFF'S MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE OF EMPLOYER "REPRIMAND"**

The plaintiff, Kara Reddington, as Administratrix of the Estate of Daniel E. Reddington; as mother and next friend of D.E.R. and C.M.R. and Kara Reddington, Individually, respectfully moves this Court for an Order precluding the defendants from presenting evidence, eliciting testimony or otherwise mentioning that Daniel Reddington was "reprimanded" by his employer for driving a crane truck with the boom out of its storage cradle on an occasion previous to March 1, 2006. As grounds for and in support of this motion, the plaintiff states that such evidence is hearsay, is irrelevant, will mislead the jury and is unduly prejudicial. As further grounds for and in support of this motion, the plaintiff states:

Kara Reddington brought this wrongful death action, on behalf of herself and her two minor children to recover for the loss of her husband and their father, Daniel Reddington, who was killed while on the job when the boom of the crane truck he was operating struck a bridge

overpass. Reddington has dismissed all claims against the defendants except those based on a breach of the implied warranty of merchantability. The defendants have indicated that it intends to introduce evidence that "Mr. Reddington had been reprimanded by the owner of Kingston Block, Ben Iannuci, when he was observed driving the truck with the boom elevated from its proper stowed position on a previous occasion." *Joint Pre-trial Memorandum at 5*.

The basis for this statement comes from deposition testimony of Marlene M. Alves, an individual produced by Kingston Block pursuant to Fed. R. Civ. P. 30(b)(6). In response to specific questioning, Ms. Alves testified as follows:

> Q. Are you aware of Mr. Reddington ever being formally reprimanded by his supervisor?
>
> A. Yes.
>
> Q. Could you just describe what the reason for the reprimand was?
>
> A. At one point he was driving a forklift and he had the forks up in the air, and he backed out of the building and he took out part of the block wall. Another time he had been loading up in our back yard, and was pulling out into the front yard to made a delivery, and he had the boom partially up . And he was told by Ben – he was asked by Ben, "What were you doing?" And he said, "I knew it was up , but I was only coming to the front yard." And Ben told him never to do that again, you always put it down.
>
> Q. The incident that you just described with the boom being partially up, do you recall when that occurred?
>
> A. I can't remember an exact time, no.
>
> Q. Were you present during this communication between Ben Iannuci and Mr. Reddington?
>
> A. When he had the boom up, I was.
>
> Q. Can you just tell me everything you recall about what was said in connection with this incident.
>
> A. Dan said that he knew that it was up – it wasn't up all the way; it was up partially – and that he was just pulling around the front yard to tie down the load. I believe

– or for some reason; I don't remember. And Ben told him, "You never do that, because one day you'll forget to put it down." And he said, "Don't ever do that, because someday you'll give me a heart attack."

Q. Do you remember the tone in Mr. Iannucci's voice as he made these comments?

A. Very serious.

Q. What was Mr. Reddington's response to that?

A. His response was "I knew it was up. I wouldn't have left the yard with it."

Q. Was there any type of report generated as a result of this incident?

A. Not a written report, just verbal, between the two.

*Deposition of Kingston Block, Inc. by Marlene M. Alves at 25-27.*

Subsequent to Daniel Reddington's death, Ben Iannuci died. The plaintiff anticipates that the defendants will continue to pursue this evidence during trial through Ms. Alves or another individual. The evidence must be excluded because it is hearsay, it is not relevant to any pending issue in this case, is unduly prejudicial and has no probative value. The plaintiff has dismissed all claims against the defendants *except* for breach of the implied warranty of merchantability. The proposed evidence has no rational tendency to prove any of the issues material to this case and will only lead to tangential issues which will distract the jury from its fact finding obligations.

**ARGUMENT**

**I.     The Testimony of Marlene Alves is Hearsay and is Inadmissible.**

Federal Rule of Evidence 801 provides that "hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Fed.R.Evid. 801(c).* Clearly, the testimony of Ms. Alves that she overheard a conversation between Daniel Reddington and Ben Iannucci

3

regarding Mr. Reddington's operation of a crane truck is hearsay if offered to show a) that Daniel Reddington had previously operated the crane truck with the boom out of the cradle, b) that Daniel Reddington was told to never again operate the truck in that manner or condition, or c) that Daniel Reddington was reprimanded for operation of the crane truck in a particular manner. All evidence which is hearsay is inadmissible unless it falls within one of the limited exceptions or some statutory authority. *Fed. R. Evd. 802.*. In this case, there is neither a Rule 803 nor 804 saving exception to the Alves testimony. *See Fed. R. 803, 804*. Consequently, the testimony is hearsay and should be excluded.

To the extent that the defendants may argue that there is a statutory exception to the hearsay testimony under Massachusetts law, this Court has previously determined that the "Dead Man's Statute," M.G.L. c. 233, §65[1] is not applicable to a civil tort diversity proceeding. *See Donovan v. Sears, Roebuck & Co.,* 849 F. Supp. 86, 87 (1994). In *Donovan*, the Court determined that the Massachusetts statute, by its very terms, constituted an exception to the rule against the inadmissibility of hearsay. *Id.* Thus, M.G.L. c. 233, §65 was not a rule of substantive policy, but one of evidentiary admissibility. *Id.* The Court applied the general rule that federal law governed procedural questions, while state law governed substantive questions, and held that there was no statutory exception allowing statements of a deceased person. *Id.*

Accordingly, the testimony of Marlene Alves is hearsay and not excused by any rule, exception or statute and the plaintiff's motion *in limine* to exclude it should be granted.

---

[1] M.G.L. c. 233, § 65 provides: "In any action or other civil judicial proceeding, a declaration of a deceased person shall not be inadmissible in evidence as hearsay ... if the court finds that it was made in good faith and upon the personal knowledge of the declarant."

B.  **The Testimony of Marlene Alves is Irrelevant, Unduly Prejudice, Has No Probative Value and Should be Disregarded.**

The only remaining claim which the plaintiff will press at trial is that the defendants designed and sold a defective crane truck and breached the warranty of merchantability. In determining warranty liability based on design defect, the relevant focus is on whether the product was defective and unreasonably dangerous and *not* on the conduct of the *user or seller. Colter v. Barber-Greene Co.,* 403 Mass. 50, 63 (1988). The *only* duty imposed on the user is to "act reasonably with respect to a product which he knows to be defective and dangerous." *Correia v. Firestone Tire & Rubber Co.*, 388 Mass. 355-356 (1983). It is only when a user unreasonably proceeds to use a product which he knows to be defective and dangerous is it appropriate to account for the user's conduct. *Id.* at 355.

In proving that the user acted unreasonably with respect to a defective product, the defendant must show that the plaintiff has actual knowledge of the specific risk which injured him. *Goulet v. Whitin Machine Works,* 30 Mass. App. Ct. 310, 314 (1990). A general knowledge of "a danger" is not sufficient. *Id.* The defendant must next prove that the plaintiff appreciated the magnitude of the risk which he faced and nonetheless acted unreasonably in ways that put him voluntarily within the scope of that perceived danger. *Id.* at 314-315. Thus, if the plaintiff is aware that there was a danger associated with use of a product, but does not know the magnitude and gravity of the harm that would ensue, he is not barred from recovery. *Allen v. Chance Mfg. Co.*, 398 Mass. 32, 34 (1986); *Goulet v. Whitin Machine Works*, 30 Mass. App. Ct. at 314, 315.

With these guiding principles, it is evident that the only purpose for which the proposed testimony of Marlene Alves can be introduced is to attempt to show that Daniel Reddington

5

proceeded unreasonably to use the crane truck, knowing it to be defective, and is thus barred from recovery. The evidence, however, falls far short of having any rational tendency to prove either of the two elements required for the defendants to meet their burden. At best, the evidence may tend to show that Daniel Reddington may have had a general knowledge that Ben Iannucci did not want Daniel Reddington to operate the crane truck with the boom partially out of the cradle. However, there was no admonition, no warning or even any discussion as to the consequences for operating the crane truck with the boom out of the cradle. At most, Daniel Reddington's boss indicated that it would give him a heart attack.

Moreover, there is no connection from this testimony that Daniel Reddington knew that the crane truck was defective or even appreciated a danger with driving the truck with the boom out of the cradle. Indeed, there is some other evidence that despite this conversation with Ben Iannuci, Daniel Reddington had no knowledge that he could be endangered by driving with the boom in a partially raised position. Ms. Alves testified later in her deposition that several years after the accident another truck driver mentioned that before the accident "he had noticed that the boom was not in the cradle – wasn't extended up, but was not in the cradle and he tried to flag [Daniel Reddington] down, but he waved back and didn't understand what he was trying to tell him." *Alves Depo. at 31-33*.

Nor does the evidence show that if Daniel Reddington was aware of a general danger, he appreciated its magnitude. On the contrary, the testimony tends to prove the inverse. Daniel Reddington's acknowledgement that he knew that the boom was up but was only going to drive around the yard thwarts the suggestion that he appreciated any danger associated with driving with the boom in that position. Daniel Reddington's unawareness of the magnitude of the risk of fatal injury caused by driving with the boom in a raised position prohibits any proof that he

6

proceeded to use the crane truck unreasonably and voluntarily subjected himself to a known danger. *See Goulet v. Whitin Machine Works,* 30 Mass. App. Ct. at 314. Even if this evidence were relevant, its prejudicial impact so outweighs its probative value that it could not be admissible. *Fed. R. Evid. 403.*

## **CONCLUSION**

For the reasons above, the plaintiff Kara Reddington, as Administratrix for the Estate of Daniel Reddington, hereby requests that this Court ALLOW her Motion *In Limine* To Preclude Evidence of Employer "Reprimand."

>
> The plaintiff,
> By her attorneys,
>
>
> /s/ Paul F. Leavis
> Paul F. Leavis, BBO #290580
> Deborah M. Santello, BBO #555431
> Leavis and Rest, P.C.
> 83 Central Street
> Boston, MA  02109
> (617)  742-1700

I hereby certify that on June 3, 2009, I have filed a copy
of the foregoing document electronically with the Court's electronic filing system.
Notice of this filing will be sent by e-mail by operation of the Court's CM/ECF
system.  A copy of the foregoing document was also served by first class mail
upon anyone unable to accept electronic filing.

/s/ Deborah M. Santello